In the MATTER OF THE EXTENSION OF CHURCH STREET, from Fulton street to Morris street, IN THE CITY OF NEW YORK.

Upon an application for the confirmation of the report of commissioners in the matter of the extension of a street in the city of New York, the question of the necessity or propriety of the improvement is not before the court, the consideration of that subject having been conferred by law upon the discretion of the common council, who pass upon it before the application to the court for the appointment of commissioners.

In respect to the area of assessments for benefit for a street improvement, a wide discretion has been conferred by law upon the commissioners. They are authorized to extend their assessments to any lands they deem benefited, and appear to be vested with the sole discretion, in this respect. The statute takes the subject out of any review by the courts. The question is practically one of fact, and not of law.

It is a settled principle of law that where a discretion has been conferred by statute, its exercise cannot be reviewed, and is not subject to any appellate tribunal.

The city parks and markets have the same value, as property, as other lands, and it is but just that they should bear a *pro rata* assessment for public improvements.

Where a board of commissioners of assessments, in the matter of a street extension, was regularly organized, all appearing and taking the oath of office, and one of the number, with the others, agreed upon future meetings on a fixed day of the week, and met with the others, on several occasions, and transacted some business; was notified in writing of several meetings; and being notified orally, made partial promises to attend particular meetings; did not resign, or notify his associates that he would not act in the matter; and they were not aware that he objected to act or confer with them (unless it was to be inferred from his neglect to attend their meetings) until his final refusal to sign the report; *Held*, that a report signed by a majority of the commissioners was to be deemed the act of the whole.

When a power is to be exercised by several persons, a majority of the whole number may proceed to act, and their action will be legal, provided all the members composing the body are summoned to attend, or had notice of the time and place of meeting.

MOTION to confirm report of commissioners, which was signed by two of the number only.

*Rich'd O'Gorman*, for the corporation of New York.

*Wm. Fullerton*, for the commissioners.

*B. W. Bonney, Wm. Tracy, H. H. Anderson, S. P. Nash, H. Hilton, S. G. Courtney, E. Gerry, J. C. Dimmick, E. S. Van Winkle, —— Van Ingen,* and *G. DeForest Lord,* for the objectors.

*By the Court,* LEONARD, P. J. Application for the confirmation of the report of the commissioners.

The extension covers a distance of 1900 feet in length and 80 feet in breadth, including property valued at over two and one half millions of dollars. No complaint has been made that the property taken has been estimated above its actual value, or that too large a sum is to be paid therefor to the owners. Nor is it disputed that the improvement is one of great value and necessity for the large and greatly increasing travel and traffic of the city. Indeed, the question of the necessity, or propriety, of the improvement, is not before the court, the consideration of that subject having been conferred by law upon the discretion of the common council, who pass upon it before the application to the court for the appointment of commissioners.

The value of the property taken, considering its dimensions, is enormously large, and its assessment upon the lands immediately adjacent, would be wholly beyond the actual improvement or enhanced value thereof. It is complained that the area of assessments for benefit, extending to the southerly side of Fourteenth street, nearly two miles from the improvement, is too great, and wholly outside of the range within which there is any improvement or enhanced value of the lands.

A wide discretion has been conferred by law upon the commissioners in this respect. They are authorized to extend their assessments to any lands they deem benefited. (§ 1, *ch. 81, Laws* 1816.)

The statute takes this subject out of any review by the courts. The commissioners appear to be vested with sole discretion in this respect. The question is practically one of

fact, and not of law, and I do not perceive that the legislature could have expected that the courts would be better able to decide upon the propriety of the extent of territory to be included in the assessments for benefit than the commissioners. Judge IRGRAHAM appears to have reached the same conclusion in *the matter of the Central Park.*

It is a settled principle of law, that where a discretion has been conferred by statute, its exercise cannot be reviewed, and is not subject to any appellate tribunal.

Several of the city parks and markets have been assessed for benefit to an amount exceeding half a million of dollars; the payment of which falls directly upon the city treasury, and on the public, as tax-payers. It is objected on behalf of the comptroller that these portions of the city property are not benefited by the proposed extension.

The practice has prevailed, when any of the city property has been taken for a street, that its value should be assessed, and payment made therefor to the city in the same manner as to other property owners. While it is to be expected that the parks belonging to the city will be maintained for the benefit of the public, it is not certain that such will be the case. The lower portion of the city hall park has been recently sold to the general government, and it is expected that an edifice will be constructed thereon, to be used as a government post office. I will not undertake to say that the price of the park has been enhanced by the extension of Church street; but its future value for building or commercial purposes, should such change be made, would be improved as much as the land on the opposite side of Broadway, or other contiguous premises.

I am informed that the city was paid a large sum for the lots belonging to it taken for the Central Park, and was also assessed for the extension of Madison avenue; both of which which reports were confirmed.

The parks and markets have the same value as property as other lands, and it seems just that they should bear a pro

rata assessment for public improvements. The neglect to assess them would correspondingly increase the assessments against private owners.

Objections were made by Mr. Fellows and others for insufficient awards for damage ; but an examination shows that there is but a trifling difference between the valuation placed by these objectors upon their property, and the awards made by the commissioners. I infer that the commissioners reconsidered their awards before presenting their report, as these objectors mention a lower valuation as having been made. There appears to be no sufficient ground for disturbing the report on the complaint of these parties for insufficient awards of damage. It is also objected that one of the commissioners has never conferred or consulted with the others, and has not signed the report. If the facts sustained this objection, to the extent above stated, it would be fatal to the validity of the report. It conclusively appears, however, that the commissioner referred to, appeared and took the oath of office ; that he, with the other commissioners, agreed upon future meetings at a fixed day of the week, and he did meet with the others on several occasions, and transacted some business. He was notified in writing of several meetings. He was notified orally and made partial promise to attend particular meetings. He did not resign, or notify the other commissioners that he would not act in the matter. The board of commissioners was regularly organized, and it does not appear that the two who have signed the report were informed that the other member of the board objected to act or confer with them, (unless it was to be inferred from his neglect to be present at their meetings,) until his final refusal to sign the report. Unless his actual presence is necessary, the notices given and fixed periods for regular meetings of the board, after the organization, charged him with notice of all the meetings, and made the action of the commissioners as a board, regular, and the action of the majority will be the act of the whole. (*People* v. *Batchelor*,

In the Matter of the Extension of Church Street.

22 *N. Y. Rep.* 130.) In the same case it is held that when a power is to be exercised by several persons, a majority of the whole number may proceed to act, and their action will be legal, provided all the members composing the body are summoned to attend, or had notice of the time and place of meeting. If the rule were otherwise, the minority could paralyze and prevent all action of the majority. The rule prevents one member of a board, consisting of three persons, from holding his place, but by neglecting or refusing to meet or take action with the others, nullifying or suspending the power of the majority to proceed with the business committed to them. I think it must be held that this objection is not well taken.

It was assented to by the corporation counsel, very properly I think, that the report must be recommitted to commissioners to take further proof and reconsider their report in reference to the award of damages made to C. E. Detmold as owner, and to Drake & Barnes, as lessees of the premises known as No. 105 Liberty street, and to readjust the same. Also for the purpose of correcting the assessment of property belonging to the United States. Also for the purpose of modifying the assessment for costs according to the final taxation of them..

There appears to be an irregularity in the award for damages in favor of the New Jersey Central R. R. Co. The evidence shows the award to be wholly inadequate. The report must be recommitted in this respect for further evidence and a readjustment of the award.

There is also an objection that the limits of the assessment are not distinctly or sufficiently stated. I am not able to discover the defect. The contestants appear to have found out that they were affected, and have been heard as to their objections.

The charges of legal irregularity have not, in my opinion, been sustained, and the report, except in the respects above mentioned, should be confirmed.

No charge of fraud has been brought against the report. The only objections urged are those to which I have adverted, and relate to the legal regularity of the proceedings.

[New York General Term, June 3, 1867. *Leonard, Clerke* and *Miller,* Justices.]