In the Matter of the Petition of S. VAN RENSSELAER CRUGER, to vacate an assessment.

An omission to award damages as prescribed by the act of 1852 (§ 3, chap. 52, Laws of 1852), for injuries sustained by reason of a change of the grade of a street in the city of New York, is not a "substantial error" in an assessment for the work within the meaning of the act (chap. 338, Laws of 1858, as amended by chap. 312, Laws of 1874), authorizing the vacating of assessments for such errors.

An objection that the assessors acted on an erroneous principle in making the assessment is not tenable; it is a matter of judgment on their part and an error, if any, is not an error in the proceedings and is not a subject for review under the statute.

So, also, an objection that the area of assessment for benefit was too small is untenable, as that matter is committed to the assessors and the board of revision, and the exercise of their discretion in this respect cannot be reviewed on such motion.

(Argued March 15, 1881; decided March 25, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made February 7, 1879, affirming an order of Special Term, which denied a motion to vacate an assessment upon certain lots of the petitioner, for regulating, etc., Eighth avenue, in the city of New York.

The grounds of the motion appear in the opinion.

*Will Man* for appellant. The omission to award damages for injuries sustained by reason of the change of grade was a substantial error for which the assessment should be vacated. (Laws of 1852, chap. 52, § 3, p. 47; *People* v. *Green*, 64 N. Y. 606; *People ex rel. Doyle* v. *Green*, 3 Hun, 755; *Matter of Anderson*, 60 N. Y. 457.)

*J. A. Beall* for respondent. An objection to the principle of the assessment cannot be raised in a proceeding brought under chapter 338 of the Laws of 1858. (*Matter of Eager*, 46 N. Y. 109.) The board of assessors are the sole judges as to the area of assessment, and the court will not review their discretion in this respect. (*Matter of Church St.*, 49 Barb.

455.)   The failure to make an award to the petitioner for damages alleged to have been sustained by him by reason of the change of grade could not be regarded as "a fraud or substantial error in the proceedings relative" to the assessment for benefit. (*People ex rel. Tytler* v. *Green*, 64 N. Y. 607.) The petitioner was not entitled to an award of damages. (Laws of 1852, chap. 52 ; 53 How. 280, 281, 284–5.)

FINCH, J.   The petitioner moved at Special Term to vacate an assessment imposed upon his property for regulating, grading, etc., the Eighth avenue, in the city of New York, from Fifty-ninth to One Hundred and Twenty-second street.   The grounds of substantial error alleged were that no award was made for the damage done to his lots by the change of grade ; that the board of assessors wrongly apportioned the assessment for benefit since they made no difference between lots where the grade was raised eighteen feet or more and those where it was raised but a few inches ; and that the area of benefit subjected to assessment was too narrow, and should have included property north of One Hundred and Twenty-second street.   We do not think any of these objections were sufficient to justify the courts in vacating the assessment, for reasons which may be briefly stated.

1. The omission to award damages to the petitioner for injury done to his property by the change of grade was not a substantial error in the assessment.   The act of 1858, as amended by that of 1874, provides that, "if in the proceedings relative to any assessment or assessments for local improvements in the city of New York, or in the proceedings to collect the same, any fraud or substantial error shall be alleged to have been committed," steps may be taken to vacate the assessment.   The petitioner's claim for damages arises, if at all, under the provisions of the act of 1852, relating to changes of grade.   The third section of that act requires an estimate to be made of the loss and damage to each owner by reason of the change of grade, and directs that the amount of the award therefor shall be included in the expen-

ses of the assessment. The fourth section provides that the award is to be paid by the city within four months after the confirmation of the assessment. The omission to make such award cannot be properly called a substantial error in making the assessment. Notwithstanding such omission the assessment itself may be entirely regular and accurate. The petitioner is not harmed or aggrieved by the assessment. It is by an omission back of that and which preceded it. His right to damages is not affected by it. There is no necessity of vacating it to enable the petitioner to secure his rights. (*People ex rel. Myers* v. *B'd of Assessors of N. Y.*, 53 How. 280.) To hold otherwise would produce a very anomalous result. If damages had been awarded to the petitioner, the expenses of the assessment, and his proportionate part thereof, would have been increased, and practically he stands here complaining that the assessment against him was not large enough, and, therefore, should be vacated entirely. If the assessors unlawfully refused to award him damages, he had his remedy. Their action could have been compelled. But the remedy was not by an attack upon an assessment, which had no fault except that a possible item of expense was omitted.

2. The objection to the principle upon which the assessors acted in making their assessments for benefit is equally unavailing. (*Matter of Eager*, 46 N. Y. 109.) The conclusion reached by them was a matter of judgment on their part. It was their duty to judge. They had opportunity to examine personally. Elements went to the formation of their conclusions, which cannot be placed before us. We cannot say their determination was erroneous, even if it was exposed fully to our review. To criticise the results of their judgment would practically require that we should ourselves try every question of value and of benefit, and that too upon evidence different from that before the assessors. Their error of judgment, if in fact it existed, was not an error in the proceedings, and not the subject of our review under the statute.

3. A similar answer disposes of the objection that the area of the assessment for benefit was too small. The law committed that question to the assessors and the board of revision.

They acted upon such knowledge and observation as they had, and such proof as was presented. They had a discretion to exercise in this respect which we cannot review. The petitioner is in substance asking us to substitute the opinion and judgment of his witnesses as to the area of benefit, for that of the officers to whom it was committed by the statute. (*Matter of Church street,* 49 Barb. 455.)

For these reasons we are of opinion that the petitioner's motion was properly denied.

The order of General Term should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.