In the Matter of the General Assignment of JOHN F. TAL-
MAGE and DANIEL TALMAGE, Individually and as Copartners
Composing the Firm of DAN TALMAGE'S SONS, for the
Benefit of Creditors, to JOSEPH GILLET.

THE PRESDENT AND DIRECTORS OF THE MANHATTAN COMPANY
and JOSEPH GILLET, as Assignee, Appellants; LAURA A.
TALMAGE, Individually and as Executrix of VAN NEST TAL-
MAGE, Deceased, et al., Respondents.

APPEAL — FINAL ORDER IN PROCEEDING FOR INTERMEDIATE ACCOUNT-
ING BY GENERAL ASSIGNEE. An order of the Appellate Division affirm-
ing, with modifications as to the priority of payment of claims and as to
commissions and costs, an order of the Special Term confirming the report
of a referee in a proceeding under section 11 of the General Assignment
Act (L. 1877, ch. 466) for the settlement of an assignee's account, allow-
ing the account, adjusting the claims of creditors and directing payment
thereupon, relieving the assignee from liability for all matters included in
his account, and releasing his sureties to that extent, is a final order in a
special proceeding, and therefore appealable as of right to the Court of
Appeals, although the proceeding was intermediate in the sense that the
assigned estate was not then ready for final distribution.

Reported below, 39 App. Div. 466.

(Submitted October 2, 1899; decided November 21, 1899.)

MOTION to dismiss appeals from portions of a judgment of
the Appellate Division of the Supreme Court in the first judi-
cial department, entered May 15, 1899, upon an order modi-
fying and, as modified, affirming an order of Special Term
confirming the report of a referee.

The nature of the proceeding, the facts, so far as material,
and the ground of the motion, are stated in the opinion.

*Hector M. Hitchings* and *Melvin G. Palliser* for respond-
ents, for motion. The appeal of the Manhattan Company is
not from a final order in a special proceeding. (*N. Y. S. &
T. Co.* v. *S. G. & E. L. Co.*, 156 N. Y. 645; *Matter of Small*,
158 N. Y. 128; Code Civ. Pro. §§ 1336–1338; *Van Arsdale*
v. *King*, 155 N. Y. 325.) An order passing intermediate
accounts of an assignee is not a final order. (Code Civ. Pro.

§ 190; *Matter of S. L. Ins. & A. Co.*, 31 Hun, 38; *Matter of Bank of Niagara*, 6 Paige, 213; *Ex parte Burbank*, 65 How. Pr. 129; *Matter of Van Horn*, 10 Daly, 131; *Matter of Schaller*, 10 Daly, 57.)

*Charles E. Rushmore* for Manhattan Company, appellant, opposed. The accounting of the assignee is a special proceeding. (Code Civ. Pro. §§ 190, 416, 3333; L. 1877, ch. 466; *Roe* v. *Boyle*, 81 N. Y. 305; *Matter of Thorn*, 10 Daly, 71; *Mowell* v. *Van Buren*, 77 Hun, 569; *Mowry* v. *Peet*, 88 N. Y. 453; *Hallock* v. *Bacon*, 64 Hun, 90; *Rutherford* v. *Soop*, 85 Hun, 119; *Libbey* v. *Mason*, 112 N. Y. 525; *Matter of Hatch*, 155 N. Y. 401.) The order, decree and judgment from which this appeal is taken finally determines the special proceeding. (Code Civ. Pro. § 2550; *Benedict* v. *Arnoux*, 154 N. Y. 715; *Van Arsdale* v. *King*, 155 N. Y. 325; *Morris* v. *Morange*, 4 Abb. Pr. [N. S.] 447; *Mora* v. *S. M. Ins. Co.*, 13 Abb. Pr. 304; *Moulton* v. *Cornish*, 138 N. Y. 133.)

*Theron G. Strong* for Joseph Gillet, appellant, opposed. The judgment or order of the Appellate Division is a final order in a special proceeding, and, therefore, appealable. (Code Civ. Pro. §§ 190, 2550; *Stinson* v. *Vroman*, 99 N. Y. 74; *Wagener* v. *Reily*, 4 How. Pr. 195; *P. Bank* v. *Morton*, 67 N. Y. 199; *Moulton* v. *Cornish*, 138 N. Y. 133; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521.)

GRAY, J. Motion on behalf of the respondents to dismiss appeals to this court taken by the president and directors of the Manhattan Company and by Joseph Gillet, as assignee.

Joseph Gillet, as assignee for the benefit of creditors, under a general assignment made by John F. Talmage and Daniel Talmage, doing business in the city of New York as a firm, under the name of Dan Talmage's Sons, in September, 1897, filed an account of his proceedings as such assignee. He caused citations to be issued, directing the appearance of all persons interested in the estate, upon a certain day, to show

cause why a settlement of the assignee's accounts should not be had; which was duly published and served on the creditors. On the return day there were appearances and it was referred to a referee to state the accounts of the assigned estate and to report as to the persons entitled to share in its distribution and in what priority and proportion. Upon the reference, a controversy arose between the Bank of the Manhattan Company and these respondents, who were relatives and creditors of the assignors, over the claim of the bank to be entitled to priority of payment of its claim against the assigned estate. The referee, in his report, passed upon and allowed the account of the assignee as rendered and he decided in favor of the claim of the Manhattan Company. Motions were made on behalf of the assignee and on behalf of the Manhattan Company to confirm the report and for the payment and apportionment of commissions, extra allowances, counsel fees and costs. These motions being heard, an order was made confirming the referee's report and decreeing a distribution of the fund, remaining in the assignee's hands after the payment of specified sums allowed by way of commissions, costs, etc., among the creditors whose claims were adjusted and, further, adjudging that the Manhattan Company was entitled to priority of payment of its claim as against the claim of these respondents. The decree, also, contained other provisions, apportioning the expenses and allowances with respect to the different contesting parties.

Upon appeal, the Appellate Division, in the first department, reversed the decree below as to the Manhattan Company's claim to priority of payment over these respondents and as to some other findings, and ordered differently thereupon; and it, also, modified the order in respects relative to the provisions for commissions and costs. In other respects, the decree confirming the report of the referee and allowing the account of the assignee; adjusting the claims of creditors and directing payment thereupon; relieving the assignee from liability as such assignee for all matters included in his account and releasing his sureties to that extent, was affirmed. Upon

this order of the Appellate Division, judgment in conformity therewith was, also, entered in the county clerk's office. Appeals were taken from the decree of the Appellate Division, and from the judgment entered thereupon, by the Manhattan Company and by the assignee to this court, and the motion to dismiss the appeals is based upon the ground that the judgment was upon an "intermediate" accounting of the assignee; was interlocutory in its nature and is, therefore, not reviewable in this court.

I think that the motion should be denied. The order and judgment appealed from were final and determined a special proceeding. That this was a special proceeding seems not to admit of any reasonable doubt. It was instituted under the provisions of the General Assignment Act, which contemplates "proceedings" under its authority, and the order or decree in question terminated it and finally determined the respective rights of the parties, without the entry of a further decree. (*Moulton* v. *Cornish*, 138 N. Y. 133.) The accounting itself was only intermediate, in the sense that the assigned estate was not then ready for a final distribution. In so far as the property accounted for by the assignee and his liability to others thereupon were concerned, the proceeding was a finality. The order of the Appellate Division, with certain modifications, affirmed the order and nothing was left undetermined, or yet to be done in the proceeding.

That there will have to be, at some future day, a final accounting, to close up all matters of the assigned estate, does not affect the completeness of this proceeding, or the effect of the order as determining the questions or controversies involved. Section 11 of the Assignment Act provides that a citation may issue for an accounting and settlement, upon the assignee's petition, at any time after the lapse of a year. Each proceeding thus instituted must be independent in its nature and, as to any question, which may arise as to the respective rights in the distribution of the fund, of a similar character to that arising in the previous proceeding, the former order, or decree, is as *res judicata.*

The order could not be interlocutory, or something less than final; because nothing was reserved connected with the proceeding for the court to determine. The controversies of the parties, their interests in, and rights to, the fund, which was the subject of the assignee's accounting, were, necessarily, fully and finally decided and disposed of.

For these reasons, I think that the motion to dismiss these appeals should be denied, with ten dollars costs to each of the appellants.

All concur, except PARKER, Ch. J., BARTLETT and MARTIN, JJ., dissenting.

Motion denied.