### In re FULLER et al.

(Supreme Court, Special Term, New York County. December 14, 1910.)

MUNICIPAL CORPORATIONS (§ 506*)—PUBLIC IMPROVEMENTS—ASSESSMENT—RE- DUCTION—GROUNDS—INEQUALITY.

　　Greater New York Charter (Laws 1901, c. 466) § 959, provides that an assessment for paving may be vacated or modified by the court upon satis- factory evidence of fraud or substantial error, and section 962 prohibits the court from vacating or reducing an assessment, otherwise than to re- duce it to the extent that it is shown to have been increased in dollars and cents by reason of fraud or substantial error. Held, that the amount of a paving assessment would not be reduced on the ground that too large a proportion of the total expense of the paving was assessed upon the ap- plicant's property in comparison with the assessment on adjacent prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty; the decision of the assessors, subject to review by the board of revision, on the question of the justice of the assessment being final.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 506.*]

In the matter of the application of Sarah G. Fuller and another for the reduction of a paving assessment. Application denied.

Peter Mitchell, for petitioners.

A. R. Watson, Corp. Counsel, for respondents.

FORD, J. This is an application under section 959 of the charter (Laws 1901, c. 466) for the reduction of an assessment for the expense of paving a street. That section provides that, if satisfactory evidence of "fraud or substantial error" be given, the assessment may be "vacated or modified" by the court. By section 962 the court is prohibited from vacating or reducing any assessment "otherwise than to reduce any such assessment to the extent that the same may be shown by parties complaining thereof to have been in fact increased in dollars and cents by reason of fraud or substantial error." This is substantially the language of section 903 of the consolidation act, as amended by chapter 613 of the Laws of 1895, which was construed in the case of Matter of Munn, 165 N. Y. 149, 58 N. E. 881, in which case the grievance complained of was the same as in this application; i. e., that too large a proportion of the total expense of the improvement was assessed upon the property of the complainants in comparison with adjacent property within the area of assessment. The Munn Case, supra, is decisive of this, and the reasons there given are applicable here. The court says in that case:

"The most that is claimed is that the assessment was unequal, and therefore unjust; but that was a question exclusively for the assessors, subject to review and correction by the board of revision. It would be manifestly impossible for the courts to entertain appeals for the purpose of adjusting questions in regard to the equality of every local assessment. When the board of revision has acted, that question is no longer open, and so this court has held. In re Cruger, 84 N. Y. 619; In re Church St., 49 Barb. 455; In re Deering, 85 N. Y. 1; People ex rel. Davidson v. Gilon, 126 N. Y. 147 [27 N. E. 282]. * * * The assessment in this case is small comparatively, but the questions involved are important, since they involve the right of the city to reimburse the treasury for moneys which it may expend in local improvements for the benefit of private property. There is no question with respect to the honesty and fairness of the whole transaction. There was no fraud either in letting or executing the contract. The improvement was made with due regard to economy, and the property owners have the benefit of it. Under such circumstances an assessment should not be disturbed, unless the statute requires the court so to do. In this case I think the learned courts below exceeded the power which the statute has conferred. It was not a case where the assessment was increased in consequence of fraud or substantial error. No erroneous principle was adopted as the basis of the assessment. The principle adopted was the distribution of the expense upon the property owners in proportion to benefits, and the assessors were the sole judges of the question of benefits, and the extent and proportion of the same as between all the property owners, subject to review and correction by the board of revision. The petitioner's share of the assessment was very much larger than that of any other property owner; but the assessors had the right to decide, as they did,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the benefits received by him in consequence of the construction of the sewer were greater in the same proportion and that the assessment imposed was only the just and equitable measure of benefits received."

Application denied, with $10 costs.