(95 Misc. Rep. 352)

## GOVERS v. CITY OF NEW ROCHELLE.

(Supreme Court, Special Term, Westchester County.   May 1, 1916.)

1. MUNICIPAL CORPORATIONS ⬤➡450(2)—ASSESSMENTS—ASSESSMENT DISTRICTS.
    Under a city charter authorizing street improvements to be paid entire-
ly by assessment of property benefited, and also improvements to be paid
in part by the city, the establishment of assessment districts of benefited
property, and apportioning of the cost between the city at large and an
assessment district, the council, in fixing a district of assessment to pay
one-third the cost of an improvement, the city to pay the remainder, must
establish a district of assessment containing all the real property bene-
fited.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1073;  Dec. Dig. ⬤➡450(2).]

2. MUNICIPAL CORPORATIONS ⬤➡484(2)—ASSESSMENTS—ASSESSMENT DISTRICTS
    —PRESUMPTION OF VALIDITY.
    It is presumed that the council, in establishing an assessment district,
exercised its judgment and included all the property benefited;  and its
action is conclusive, if no fraud or bad faith is shown.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
1138;  Dec. Dig. ⬤➡484(2).]

Action by Eva E. Govers against the City of New Rochelle to cancel
assessment in opening Division street.   Judgment for defendant, dis-
missing complaint on merits.

Michael J. Tierney, of New Rochelle, for plaintiff.

Edward W. Davidson, of New Rochelle, Corp. Counsel, for defend-
ant.

YOUNG, J.   The plaintiff brings this action under section 1638 of
the Code of Civil Procedure, claiming that an assessment levied by
the defendant against her property to defray a portion of the expense
of laying out, opening, and grading Division street, between Huguenot
and Main streets, is illegal and void, because made in excess of the
jurisdiction of the council of the city of New Rochelle in creating the
district of assessment.   Pursuant to the resolution of the council, two-
thirds of the expense of laying out the new street was assessed upon
all the property within the city limits and paid for by a bond issue;
the remaining one-third was assessed against property immediately
fronting on the new street, and the plaintiff's contention is that this
assessment is illegal and void, because the council failed to include
other property in the immediate neighborhood of the street, which was
plainly benefited by the improvement.   The improvement was made
pursuant to the provisions of the city charter, and section 421 of said
charter provides as follows:

*"Power of Council as to Street Improvements.*—The council may by reso-
lution provide for the laying out, opening, extending, widening and grading of
streets, and for the construction of drains and culverts.   *The expense and
cost of all street* improvements authorized by the council as provided in this
section shall be borne by the owners of the lots or parcels of land benefited
thereby, and the council *may establish a district of assessment which shall
contain all the real property which in its judgment is likely to be benefited by
such improvements.*   No such improvement *shall be made or contracted for*

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

until the estimated expense has been *apportioned and assessed* upon the property to be benefited thereby, and such apportionment and assessment has been confirmed according to the provisions of this act; *but the council may authorize the making of any* of the improvements mentioned in this section at the expense of the city at large, if such estimate of cost and expense does not exceed the sum of five thousand dollars; or in case the council shall deem it equitable, it may by resolution provide that a portion of the entire expense, stating the proportion in such resolution, shall be charged against the city at large and *the remainder assessed as herein provided.*"

[1] In my opinion, according to the provisions of the above section, the council is obliged to establish a district of assessment which shall contain all the real property which in its judgment is likely to be benefited by the improvement, where a portion of the entire expense is to be assessed, as well as in the case where the entire expense of the improvement is to be apportioned and assessed upon the property to be benefited. In other words, in the case of this improvement, I think the council, in fixing a district of assessment to cover one-third of the entire expense of the improvement, was under the obligation to establish a district of assessment which should contain all the real property which in its judgment was likely to be benefited by the improvement.

[2] I think, however, it must be presumed that the council, in establishing the district of assessment in connection with this improvement, exercised its judgment, and did establish a district of assessment containing all the property likely to be benefited by the improvement. In doing this the council plainly performed a legislative act, and its action is conclusive in the absence of fraud or bad faith. In re Cruger, 84 N. Y. 619; Genet v. City of Brooklyn, 99 N. Y. 296, 1 N. E. 777; Hoffeld v. City of Buffalo, 130 N. Y. 387, 29 N. E. 747; People ex rel. N. Y., West. & B. Ry. Co. v. Waldorf, 168 App. Div. 473, 153 N. Y. Supp. 1072, affirmed 217 N. Y. 96, 111 N. E. 467, 112 N. E. 49. In Matter of Cruger, supra, Judge Finch said:

"The objection to the principle upon which the assessors acted in making their assessments for benefit is equally unavailing. Matter of Eager, 46 N. Y. 109. The conclusion reached by them was a matter of judgment on their part. It was their duty to judge. They had opportunity to examine personally. Elements went to the formation of their conclusions which cannot be placed before us. We cannot say their determination was erroneous, even if it was exposed fully to our review. To criticize the results of their judgment would practically require that we should ourselves try every question of value and of benefit, and that, too, upon evidence different from that before the assessors. Their error of judgment, if in fact it existed, was not an error in the proceedings, and not the subject of our review under the statute. A similar answer disposes of the objection that the area of the assessment for benefit was too small. The law committed that question to the assessors and the board of revision. They acted upon such knowledge and observation as they had, and such proof as was presented. They had a discretion to exercise in this respect which we cannot review. The petitioner is in substance asking us to substitute the opinion and judgment of his witnesses as to the area of benefit, for that of the officers to whom it was committed by the statute. Matter of Church Street, 49 Barb. 455."

I have carefully examined all the cases cited upon the brief submitted by the plaintiff's attorney. It seems to me that in none of them are the facts similar to those in the case under consideration.

The facts shown present rather a hard case for the plaintiff. The principal sum of the assessment levied for the improvement against her property amounts to $1,517.38. Her property as a whole was assessed at the time for $2,040. The question as to whether the assessment of the cost of this improvement upon the several parcels within the area was properly apportioned by the assessors is not in issue here, and under the authorities as I view them the court is powerless to relieve the plaintiff in this action.

Judgment should therefore be for the defendant, dismissing the complaint upon the merits, but without costs.