Charles S. Colden, J.
Plaintiff, in an application brought on by an order to show cause, seeks an injunction restraining, during the pendency of this action, the defendants A. Holly Patterson, as county executive of Nassau County, John C. Guibert, as superintendent of public works of the County of Nassau, and Zara Contracting Co., Inc., from eliminating the *1038 center divider or the safety zone island in the roadway now being constructed on Peninsula Boulevard between Roclcaway Turnpike and Woodmere Boulevard in Nassau County, now in the process of construction under contract No. 791-H, being also known as Peninsula Boulevard, Section 2.
In her affidavit, plaintiff alleges that she, jointly with her husband, is the fee owner of real property fronting on Peninsula Boulevard, that the County of Nassau has a contract with the State of New York, providing for the construction of the highway known as Peninsula Boulevard, and that the plans filed with the State of New York show a construction with a center mall for the entire length of the road except for openings at the street intersections; that the defendants are proceeding with the construction, but have eliminated the mall. The plaintiff asserts that she and a number of other citizens protested to this change in the construction, with the result that a conference was held at which were present the plaintiff and other citizens of the community, together with counsel and Mr. Guibert, the superintendent of public works and members of his staff, at which the matter of the center mall was discussed over a period of three hours. It is claimed that the defendant Guibert, at such conference, stated that it was a ‘‘ mistake to let the contract with the center mall included therein ’’ and that the mistake had been corrected by the issuance of an order to eliminate the mall from such construction. At the conclusion of the conference, plaintiff asserts that Mr. Guibert refused to include the construction of the center mall, and also refused to withhold the filling in of the center mall space pending a survey by the chief engineer of the Automobile Association of America or by other engineers, and that he likewise refused to hold up the continuation of this work pending an application to the courts.
The immediate relief which plaintiff seeks would involve a determination by this court to the effect that the defendants must proceed with the construction of the road with the mail included or withhold the completion of Peninsula Boulevard highway until the ultimate determination of the action by our courts.
Upon the oral argument of the application, the court requested counsel for the plaintiff to state the facts which would show either a violation of the statute by the defendants or facts that would show corruption, fraud, illegality or other wrongdoing on the part of the defendants. The court also afforded the plaintiff an opportunity to submit in writing, any additional matter which might be of assistance in support of plaintiff’s application. Counsel for the plaintiff most zealously presented *1039 the views of the group of citizens whom he represents, many of whom were present in court during the argument.
Counsel were reminded that it is not within the province of this court to interfere with the manner in which an elected or appointed public official performs his duties unless there be a factual presentation of corruption, fraud, illegality, violation of a statute or other willful wrongdoing.
In Kaskel v. Impellitteri (306 N. Y. 73, 78) the court said: “ Power to make that determination has been lodged by .the Constitution (N. Y. Const., XVIII, § 1) and the statute (General Municipal Law, § 72-k) in the city planning commission and the board of estimate, and when those bodies have made their finding, not corruptly or irrationally or baselessly, there is nothing for the courts to do about it, unless every act and decision of other departments of government is subject to revision by the courts (see Matter of Cruger, 84 N. Y. 619, 622; Ziegler v. Chapin, 126 N. Y. 342, 348).”
In Kittinger v. Buffalo Traction Co. (160 N. Y. 377) the court said at page 392: “ Now the local municipal authorities under the Constitution, as supplemented by the provisions of the Eailroad Law, have the power to determine upon what streets, if any, there shall be constructed a surface railroad; to which of two or more corporations, if so many applicants there be, it shall be given; the amount of the bond that may be required for the purpose of protecting the municipality against injury to the streets by their tearing up, and the many other conditions that experience has taught municipal authorities it is wise to impose in order to fully protect the public interests. In the exercise of this power the local municipal authorities are, by the Constitution and the statute, clothed with sovereignty and, therefore, beyond the direction and control of the courts.”
A reading of the affidavits submitted by the plaintiff and of her amended complaint, combined with the statements of counsel upon the oral argument, make it clear that this proceeding is brought under the provisions of section 51 of the General Municipal Law. In Hanrahan v. Corrou (170 Misc. 922), it was held that in the absence of illegality, fraud, collusion, corruption and bad faith, the court has no power to restrain the city from entering into or carrying out any agreement which it chooses to make. Such rule must be applied here. The plaintiff has failed to meet the standard of proof indicated by the cases cited.
Section 51 of the General Municipal Law, under which this proceeding is brought, provides that the plaintiff may maintain this proceeding provided that “ upon the commencement of such *1040 action, [she] shall furnish a bond to the defendant therein, to be approved by a justice of the supreme court or the county judge of the county in which the action is brought, in such penalty as the justice or judge approving the same shall direct, but not less than two hundred and fifty dollars ”. Section 51 further provides, “ Such bond shall be filed in the office of the county clerk of the county in which the action is brought, and a copy shall be served with the summons in such action.” (Italics supplied.) The plaintiff has failed to furnish the bond required by the statute.
By reason of all of the foregoing, the application of the plaintiff for a temporary injunction is denied.
Settle order on notice.