In the Matter of the Application of THE CITY OF NEW YORK, Respondent, Relative to Acquiring Title, etc., to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Seventy-first Street from Third Avenue to Shore Driveway, in the Thirtieth Ward of the Borough of Brooklyn, City of New York.

EMMA C. PERRY and Others, Appellants.

*Commissioners of estimate and assessment in New York city — power of, to extend area of assessment — it is a judicial act — the assessment is an exercise of the taxing power.*

The commissioners of estimate and assessment appointed in a proceeding to open a street in the city of New York have power to extend the area of assessment originally fixed by them.

While the determination, by the commissioners of estimate and assessment, of the respective amounts to be assessed as benefits may be an exercise of the taxing power, the fixing of the area of assessment is a judicial act.

APPEAL by Emma C. Perry and others, property owners, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of February, 1903, confirming the report of commissioners of estimate and assessment appointed in the above-entitled proceeding.

*M. E. Finnigan, George C. Blanke* and *Stephen M. Hoye,* for the appellants.

*Charles S. Taber,* for the respondent.

PER CURIAM:

We think that it was in the power of the commissioners to extend the area of assessment. There is nothing in the charter of the city of New York (Laws of 1897, chap. 378, as amd. by Laws of 1901,

chap. 466) expressly forbidding such an alteration or amendment
of the plan of assessment, and while the fixing of the respective
amounts to be assessed as benefits may be an exercise of the taxing
power, the ascertainment and determination of the lands deemed to
be benefited by the improvement is a judicial act. The propriety,
however, of the proposed extension of the limit of assessment is not
under review on this appeal, and no opinion is expressed thereon.

It is undisputed that the report does not express the free and
unbiased judgment of even the majority members of the commission
by whom it has been signed. It was made in obedience to the
advice of the learned assistant corporation counsel that the power to
amend or alter the district of assessment does not exist, and under
the stress of a written threat to apply for the removal of the com-
missioners with the consequent deprivation of fees. Under the cir-
cumstances we think the order of confirmation should be reversed,
with ten dollars costs and disbursements, and the proceedings
remitted to the commissioners for further and final consideration and
determination.

Present — Bartlett, Woodward, Hirschberg, Jenks and
Hooker, JJ.

Order of confirmation reversed, with ten dollars costs and disburse-
ments, and proceedings remitted to the commissioners for further
and final consideration and determination.