### In re EAST 136TH STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

**1. MUNICIPAL CORPORATIONS—STREETS—PROCEEDINGS TO OPEN—SCOPE.**

Where a resolution of the board of estimate and apportionment, under which certain street opening proceedings were instituted, instructed the corporation counsel to take the necessary steps to acquire title to land to extend East 136th street, in New York City from Locust avenue "to the East river," such resolution authorized the acquisition of land necessary to extend the street to the bulkhead line, and not merely to high-water mark, to give the city access to the river as contemplated.

**2. SAME—BENEFITS—ASSESSMENT.**

The general rule that the cost of land taken for each block of a street shall be assessed on the property fronting on that block was inapplicable to an extension of a street so as to give access to the water front to the benefit of the surrounding neighborhood, in which case the surrounding property so benefited was properly assessed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1038–1041.]

**3. SAME—PROPERTY SUBJECT TO ASSESSMENT—RAILROAD RIGHT OF WAY.**

Where a railroad had acquired land in a city, 100 feet wide, for a right of way, all of such land should be deemed required for public use, as provided by Laws 1890, p. 1086, c. 565, § 7, as amended by Laws 1892, p. 1386, c. 676, and therefore no part thereof was subject to assessment for benefits derived from the acquisition of land to extend a street to the water front, though only a portion of the right of way was actually used for the railroads' roadbed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1033.]

**4. SAME—MODE OF ASSESSMENT.**

The principle underlying an assessment for public improvement is that the property assessed is to be directly benefited and enhanced in value by the improvement, so that the assessment will represent the value of the property before and after the assessment, and hence no assessment can be lawfully made on property not actually to be benefited by the improvement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 1051.]

**5. SAME—REVIEW OF ASSESSMENT—APPEAL.**

While it is the duty of the commissioners of estimate and apportionment to determine in the first instance whether property on which an assessment for benefits derived from a local improvement will be made will be enhanced in value, and, if so, to what extent, their determination is not conclusive, and, when brought under review by the court, such facts must be presented as will enable it to see that there is a basis for the assessment made.

Appeal from Special Term.

Application by the city of New York to acquire property, etc., for the opening and extending of East 136th street (although not yet named by proper authority), from Locust avenue to the East river in the Twenty-Third Ward, borough of the Bronx. From an order confirming the amended and supplemental report of the commissioners of estimate and assessment, certain property owners assessed for benefits appeal. Affirmed in part and reversed as to the Harlem River & Port Chester Railroad Company and the New York, New Haven & Hartford Railroad Company.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Robert L. Luce, for appellants Harlem River & Port Chester R. R. Co., and the N. Y., N. H. & Hartford R. R. Co.

John C. Shaw, for appellants James H. Young Stone Company and others.

Thomas C. Blake, for respondent city of New York.

McLAUGHLIN, J.   This proceeding was instituted by the city of New York to acquire title to the land required for the opening and extending of 136th street from Locust avenue to the East river, a distance of one block.   Commissioners were appointed who made awards for damages for the land taken from Locust avenue to the bulkhead line in the East river.   The assessment for benefits was not confined to the property immediately adjacent to the proposed street, but included a large area; and, from the order confirming the supplemental and amended report of the commissioners, this appeal is taken by certain of the owners of the property assessed.   The resolution of the board of estimate and apportionment, under which the proceeding was instituted, requested the corporation counsel to take the necessary steps to acquire title to the lands required for the purpose of extending East 136th street "from Locust Avenue to the East river," and it is now urged on the part of such appellants that the awards for the land between the high-water mark and the bulkhead line in the East river were unauthorized.

I do not think there is any merit in this claim.   The purpose in extending the street was obviously to afford access to the river, and this could not be accomplished unless the city acquired title to the bulkhead line.   The board had the power to authorize this to be done (Matter of Mayor of New York, 74 App. Div. 343, 77 N. Y Supp. 566), and it is evident that such was its intention.   Matter of City of Brooklyn, 73 N. Y. 179.   In subsequent proceedings the property sought to be acquired was described as extending to the bulkhead line.   It is doubtful whether the appellants are in a position to raise the question, inasmuch as it does not appear, when the report was presented for confirmation, that they made any objection so far as the awards for damages were concerned.   But, assuming that they are, the claim is without foundation, and may be dismissed without further consideration.

It is also contended that the assessment for benefits is inequitable. The general rule is that the cost of the land taken for each block of a street shall be assessed upon property fronting upon such block.   Matter of Grant Avenue, 76 App. Div. 87, 78 N. Y. Supp. 737, affirmed 175 N. Y. 509, 67 N. E. 1083; In re Rogers Ave. (Sup.) 22 N. Y. Supp. 27. But this rule, like all others, has its exception, as was held by this court in Matter of City of New York, Spofford Avenue (decided at the May term, and not yet reported) 111 N. Y. Supp. 334.   In the present case the extension of 136th street gives access to the water front, and it is apparent the surrounding neighborhood will be largely benefited.   It would certainly be unjust to compel the owners of the property fronting on the block to bear the entire cost, and under such circumstances,

as in the case last cited, the so-called "block rule" is inapplicable. The commissioners proceeded upon the proper theory. Having inspected the territory, and considered the evidence bearing upon the question, they made the assessment for benefits, and I do not think, upon the record, we would be justified in interfering with it.

The appeal on behalf of the railroad companies presents an entirely different question. The Harlem River & Port Chester Railroad Company owns a strip of land 100 feet wide, which runs through the area assessed for benefits. The New York, New Haven & Hartford Railroad Company is the lessee and occupant of this property. It appears that the railroad tracks occupy only 30 feet of the width of this strip, and the remaining 70 feet were, at the time of the hearing, unoccupied, though an attempt was made to show that additional tracks were about to be laid. The commissioners divided the property accordingly, imposing a nominal assessment only on the parcel actually occupied, but making a substantial assessment against the unoccupied parcel; and in doing so I think erred. The Harlem River & Port Chester Railroad Company acquired title to this strip 100 feet wide for the roadbed of its road, pursuant to its charter. Real property acquired by a railroad for the purpose of its incorporation is deemed required for a public use. Section 7, c. 565, p. 1086, Laws 1890, and as amended by Laws 1892, p. 1386, c. 676. It is conceded that the land upon which the tracks were laid could not be assessed, but the entire strip of land was acquired and is held for a public use. Although it is not entirely covered with tracks to-day, it may be to-morrow or a month hence, depending, of course, upon the necessities of the road. I know of no authority for holding that a distinction can be made between land upon which tracks have been laid and the adjacent strips alongside of the tracks, all within the width acquired by the company for the purpose of building its road. The authorities are to the contrary. Delaware & Hudson Canal Co. v. Whitehall, 90 N. Y. 21; Matter of Commissioners of Public Parks, 47 Hun, 302. Great confusion would necessarily follow if it be held that only the land upon which the tracks were laid was, for the purposes of an assessment of this character, for a public use, while such adjoining strips were private property, and not subject to the same restrictions. The principle which underlies an assessment for an improvement is that the property assessed is to be directly benefited and enhanced in value by the improvements, so that the assessment will represent the difference between the value of the property before and after the assessment. Matter of Anthony Avenue, 46 Misc. Rep. 525, 95 N. Y. Supp. 77. This being so, it follows that no assessment can be lawfully made upon property not actually to be benefited by the improvement. Norwood v Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. While the statute makes it the duty of the commissioners to determine, in the first instance, whether property upon which an assessment for benefits is to be made will be enhanced in value, and, if so, to what extent, their determination is not conclusive, and, when brought under review by the court, such facts must be presented as will enable it to see that there is a basis for the assessment made. Matter of Commissioners of Public Parks, supra. The whole strip of

land held by the railroad companies is for their use "as a public high-way, and this is a use for the benefit of the public." Saunders v. N. Y. C. & H. R. R. Co., 144 N. Y. 75, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729; N. Y. C. & H. R. R. Co. v. Aldridge, 135 N. Y. 83, 32 N. E. 50, 17 L. R. A. 516. The whole strip is subject to this limitation, and its value for the purposes to which it is devoted is not enhanced by the assessment, for which reason an assessment for only nominal dam-ages should have been imposed.

For the foregoing reasons, I am of the opinion that the order, in so far as appealed from by the property owners other than the railroad companies, should be affirmed, with $10 costs and disbursements, and, in so far as appealed from by the railroad companies, should be revers-ed, with $10 costs and disbursements, and the report returned to the commissioners with instructions to strike out the assessment disallowed and redistribute the amount thereof upon the property subject to the assessment. All concur.