with an alleged agent of plaintiff; but, as the agency was not sufficiently shown, the objections to these questions were properly sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.  All concur.

---

## NEW YORK, N. H. & H. R. CO. v. VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department.  March 29, 1912.)

1. MUNICIPAL CORPORATIONS (§ 489*)—STREET ASSESSMENTS—PROPERTY BENEFITED.

Benefit to a railroad company from improvement of a street underneath its right of way from an increase in its business following the increase in business and population resulting to the village from improvement of its streets is too remote for consideration.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1053; Dec. Dig. § 439.*]

2. MUNICIPAL CORPORATIONS (§ 408*)—STREET IMPROVEMENTS—PROPERTY BENEFITED—STATUTES.

Laws 1890, c. 565, § 64, as added by Laws 1897, c. 754, requiring a highway passing under a railroad to be maintained by the municipality, was not repealed by Laws 1899, c. 517, a special act, providing that no abutting or adjoining property shall be exempt from assessment thereunder.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1005, 1006; Dec. Dig. § 408.*]

3. STATUTES (§ 158*)—REPEALS BY IMPLICATION.

Repeals by implication are not favored, and will not be presumed, unless there is an irreconcilable inconsistency.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 228; Dec. Dig. § 158.*]

4. MUNICIPAL CORPORATIONS (§ 513*)—SPECIAL ASSESSMENTS—INJUNCTION.

Equity had jurisdiction of an action by a railroad company to vacate and enjoin an assessment against its right of way.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1188–1206; Dec. Dig. § 513.*]

Appeal from Trial Term, Westchester County.

Bill by the New York, New Haven & Hartford Railroad Company against the Village of Port Chester to vacate and enjoin an assessment.  From a decree for plaintiff, defendant appeals.  Affirmed.

Argued before HIRSCHBERG, THOMAS, CARR, WOODWARD, and RICH, JJ.

William A. Davidson, Corp. Counsel, for appellant.

Charles M. Sheafe, Jr. (William L. Barnett, on the brief), for respondent.

HIRSCHBERG, J.  The trustees of the appellant, the village of Port Chester, pursuant to chapter 517 of the Laws of 1899 and the acts amendatory thereto, have levied an assessment for grading, paving, and improving Willett avenue and Highland street in said village against the property abutting on said streets, according to the front-

foot rule. Those streets are parallel, running north and south under the right of way used by the plaintiff for its steam railroad, which right of way crosses them by means of bridges and abutments. Contiguous to its right of way the respondent owns two small parcels of real estate occupied by buildings and abutting on those streets. The judgment appealed from vacates and enjoins the enforcement of the assessment levied against the respondent's right of way, and reduces the assessment against said small parcels of real estate. The controversy before us relates principally to the right of the trustees to. levy the assessment against the appellant's right of way. The portion of the judgment reducing the assessments against the property contiguous to the right of way does not appear to be questioned,· except as the appellant questions the jurisdiction of the court to grant relief in equity.

The respondent contends that, as no special benefits inure to its right of way from the street improvements, the assessment operates as a taking of its property without due process of law, contrary to the doctrine established by the Supreme Court of the United States in Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443. That case, however, presented an instance where by village ordinance, apparently aimed at one person, a portion of whose property was condemned for a street, the entire costs and expenses of the street opening, including the amount awarded for the land taken and the costs and expenses of the condemnation proceedings, were assessed against the abutting property of the person whose land was condemned. The Supreme Court seems to have limited the case to its own peculiar facts which amounted to an actual confiscation of property without compensation, and has repeatedly declared that the case is not a precedent authorizing a review of legislative discretion in determining the benefits accruing from local improvements and the proper method of assessing taxes therefor. See French v. Barber Asphalt Paving Co., 181 U. S. 324, 21 Sup. Ct. 625, 45 L. Ed. 879; Tonawanda v. Lyon, 181 U. S. 389, 21 Sup. Ct. 609, 45 L. Ed. 908; Detroit v. Parker, 181 U. S. 399, 21 Sup. Ct. 624, 45 L. Ed. 917; Cass Farm Co. v. Detroit, 181 U. S. 396, 21 Sup. Ct. 644, 45 L. Ed. 914; Webster v. Fargo, 181 U. S. 394, 21 Sup. Ct. 623, 45 L. Ed. 912.

[1] We do not deem it necessary to pass upon the constitutionality of the attempted taxation of the respondent's right of way, because· we do not think it was intended by the Legislature that such right of way should be taxed for these street improvements. The respondent's right of way is exclusively devoted to a public use. Saunders v. N. Y. C. & H. R. R. R. Co., 144 N. Y. 75, 38 N. E. 992, 26 L. R. A. 378, 43 Am. St. Rep. 729; N. Y. C. & H. R. R. R. Co. v. Aldridge, 135 N. Y. 83, 32 N. E. 50, 17 L. R. A. 516; Matter of City of New York, 127 App. Div. 672, 675, 676, 111 N. N. Supp. 916. It is difficult to see how such property can be benefited by the improvement of a village street passing under it. The only benefit that the learned corporation counsel specifically claims will inure to the railroad company from these improvements is an increase in its business following the increase in business and population resulting

to the village from the improvement of its streets. This alleged benefit is too conjectural, fanciful, and remote for consideration, and it seems highly improbable that the Legislature intended to tax the right of way on any such assumption. The corporation counsel's reasoning, if valid, would logically permit the taxation of any railroad right of way running through any village or city for general street improvements therein, howsoever far from its right of way. Moeover, such a rule confuses the appellant's business growth with the value of its real estate.

[2] The Legislature has by general statute declared a public policy regarding this matter, and has specifically provided that a highway passing under any railroad shall be maintained and kept in repair by the municipality in which the highway is situated. Laws of 1890, c. 565, § 64, as added by Laws 1897, c. 754. The appellant concedes that this statute exempts the respondent's right of way from taxation for these street improvements, but claims that the special act pursuant to which the tax is assessed (Laws of 1899, c. 517) has repealed the general statute by implication, and authorizes the imposition of the tax in question.

[3] Repeals by implication are not favored, and will not be presumed, unless there is an irreconcilable inconsistency between the two statutes. Matter of Tiffany, 179 N. Y. 455, 72 N. E. 512; Czarnowsky v. City of Rochester, 55 App. Div. 388, 66 N. Y. Supp. 931, affirmed 165 N. Y. 649, 59 N. E. 1121; Davis v. Supreme Lodge, Knights of Honor, 165 N. Y. 159, 58 N. E. 891; McCartee v. Orphan Asylum Society, 9 Cow. 437, 18 Am. Dec. 516.

We do not think that chapter 517 of the Laws of 1899 evinces a legislative intention to depart from the general policy established for street assessments similar to those in question. It is true that the statute provides that "no abutting or adjoining property shall be exempt from assessment under this act." It seems highly improbable, however, that the Legislature, by the terms "abutting or adjoining property," intended to include the respondent's mere right of way over the streets contrary to the general policy established by section 64 of the Railroad Law, supra. It is much more probable that this clause of the act of 1899 was devised to include churches and charitable institutions, which, although benefited by the proposed improvements, would not otherwise have been taxed. In the absence of a clearly and unmistakably expressed legislative intention, the act in question should not receive a construction necessitating the imposition of a tax upon the respondent's right of way contrary to the general policy of the state and for improvements of no direct benefit to the property taxed, and the constitutionality of which is at least open to question.

[4] The action in equity may be maintained. Scott v. Onderdonk, 14 N. Y. 9, 67 Am. Dec. 106; Guest v. City of Brooklyn, 69 N. Y. 506; Providence Retreat v. City of Buffalo, 29 App. Div. 160, 51 N. Y. Supp. 654; Trumbull v. Palmer, 104 App. Div. 51, 93 N. Y. Supp. 349.

The judgment should be affirmed. All concur.