The People of the State of New York ex rel. Mill-
brook Company, Appellant, Impleaded with Another,
*v.* Frederick H. Waldorf, as Mayor of the City of
New Rochelle, et al., Respondents.

New Rochelle (city of) — assessment for widening a street —
held that resolution of common council providing for cost of
improvement did not include the relator's land.

On review of an order confirming an assessment for widening a
street in the city of New Rochelle, *held*, that the resolution of the
common council providing for the cost and expense of the improve-
ment to be paid by the owners of the lots or parcels of land benefited
thereby did not include the relator's land in lot 1 of block 815,
section 3.

*People ex rel. N. Y., W. & B. Ry. Co.* v. *Waldorf*, 168 App. Div. 473,
modified.

(Argued January 5, 1916; decided January 25, 1916.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
July 29, 1915, which confirmed on certiorari an assessment
against·property of relator, appellant.

The facts, so far as material, are stated in the opinion.

*Ralph Polk Buell* for appellant. The common council
of the city of New Rochelle had no power under the char-
ter of that city to amend its designation of the district of
assessment originally designated by it at the meeting
held September 27, 1910. (*People ex rel. Thomson* v.
*Board of Supervisors*, 35 Barb. 408; *Matter of Phelps*,
110 App. Div. 69; *Matter of Mayor, etc.*, 84 App. Div.
418.) That portion of block 815, lot 1, owned by the
relator, Millbrook Company, was not within the district
of assessment, and was, therefore, improperly assessed.
(*Matter of Ward*, 52 N. Y. 395; *Paving Co.* v. *Peck*, 186
Mo. 506; *Holt* v. *Somerville*, 127 Mass. 408; *Smith* v.
*Des Moines*, 106 Iowa, 590; *Crane* v. *French*, 50 Mo. App.
367; *Langlois* v. *Cameron*, 201 Ill. 301; *Philadelphia* v.

*Eastwick,* 35 Penn. St. 75; Hamilton on Special Assessments, § 303.)

*Edward W. Davidson* for respondents. The council had power to reconsider its resolution of September 6, 1910, and to amend ·it on March 21, 1911. (*State* v. *Foster,* 7 N. J. 107; *People ex rel. Trustees* v. *Supervisors,* 131 N. Y. 468; *People ex rel. Schau* v. *McWilliams,* 185 N. Y. 96; *People ex rel. O'Connor* v. *Supervisors,* 153 N. Y. 370; *People ex rel. Simpson* v. *Wells,* 99 App. Div. 364; 181 N. Y. ·252; *Demarest* v. *Morgan,* 147 N. Y. 207; *People ex rel. Woods* v. *Crissy,* 91 N. Y. 622; *People* v. *Brooklyn,* 89 N. Y. 93; *Frees* v. *Ford,* 6 N. Y. 177; *Mather* v. *McLean,* 138 N. Y. 158; *Hilton* v. *Fonda,* 86 N. Y. 340; *Brown* v. *Otis,* 98 App. Div. 554.) Relator's property is within the area of assessment created by the council. (*Holmes* v. *Carley,* 31 N. Y. 289.)

CHASE, J. The council of the city of New Rochelle provided by resolution for widening North avenue in said city. It further provided that one-third of the cost and expense of the improvement should be paid by the owners of the lots or parcels of land benefited thereby, and that two-thirds thereof should be charged to the city at large. · The "properties fronting or abutting upon North avenue both sides from Garden street to Winyah avenue" were designated and created a district of assessment, and assessors were apponted to assess one-third of the estimated cost and expense of said improvement among the properties within said district of assessment. It is the duty of assessors so appointed to meet at a time and place to be appointed and view the location of the proposed improvement and the real property on which the estimated cost and expense thereof is to be apportioned and assessed, "and apportion and assess the amount so fixed and determined as the estimated cost and expense of such improvement upon the several pieces and parcels of real

7

property within the district of assessment in proportion as near as may be to the benefit which each of said parcels of real property shall be deemed by them to acquire thereby and make a written report thereof to the council. Such report shall contain their said apportionments and assessments and a designation or description *if possible by* lot, block, and section number on the assessment map of the city of the several pieces or parcels of real property assessed."

Section 3, block 815, lot 1, on the assessment map of the city fronts or abuts upon North avenue for a distance of about 11.6 feet and then extends along Rochelle Park boulevard at an angle from North avenue and not fronting or abutting thereon for a distance several times greater than the distance that it so fronts and abuts on North avenue. Prior to the commencement of this proceeding the owner of said lot sold a part thereof to the New York, Westchester and Boston Railway Company and the remaining part thereof to the appellant Millbrook Company. The part sold to the railway company includes all of the part that fronts and abuts on North avenue. The part sold to the appellant Millbrook Company does not in any part front or abut on North avenue.

It thus appears that at the time when the district assessment was levied lot 1 of block 815, section 3, had been subdivided and the parts were owned in severalty. The respondents seek to sustain the assessment against the relator by claiming that all of said lot 1 was intended to be included in the district of assessment. The language used in describing the district of assessment does not sustain the respondents' contention. It is the " properties" fronting and abutting on North avenue that are included in the district of assessment; and the language of the council would seem to have been used for the purpose of making the boundaries of the district of assessment include the " pieces or parcels of real property " separately owned and possessed whether they conform to

the boundaries of the assessment map of the city or not. If it had been the intention of the council to bound the district of assessment by arbitrary assessment map lines, it would have been very easy to have made such intention clear, but not only is there no such intention apparent but there is no reference in the boundaries of said district to the assessment map of the city either directly or indirectly.

The statute quoted also recognizes that the properties assessed may consist of pieces or parcels of real property not bounded by the same lines as the lots, blocks and sections numbered on the assessment map of the city. The assessors laid an assessment of $2,394.58 upon lot 1, block 815, section 3, and the prior corporate owner of said lot was named as the owner thereof. It is now conceded by stipulation that such assessment was only levied on that portion of said lot 1 which is owned by the relator and that no part of the lot owned by the said railway company was assessed. We repeat that the part of lot 1 so assessed is separately owned by the relator and it is wholly outside of the district of assessment.

The order of the Appellate Division should be reversed, with costs, and the assessment against the property of the relator should be vacated and set aside.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Order reversed, etc.

(Motion for re-argument submitted February 21, 1916; decided February 25, 1916.)

CHASE, J.    The court in its consideration of the appeal in this case examined all of the appellant's objections to the assessments upon its several pieces of real property and decided upon the opinion of Presiding Justice JENKS in the Appellate Division against all of such objections except the one that its land in lot 1, of block 815, section 3, is not within the area of assessment, in which case the

court held in accordance with appellant's contention. The opinion was written solely upon the question wherein this court did not agree with the Appellate Division. The memorandum entered by the court stated only part of the decision actually made.

The motion for re-argument is denied and the remittitur is hereby amended so that in place of the words, "reversed, with costs, and assessment vacated" therein, it will read, "amended by cancelling and setting aside the assessment upon lot 1, block 815, section 3, and that said order as so amended be and hereby is affirmed, without costs to either party in this court."

All concur.