In the Matter of the Application of the City of New York, Relative to Acquiring Title, etc., for the Opening and Extending of Blondell Avenue from Barlow Street to Westchester Avenue, etc.

New York, New Haven and Hartford Railroad Company and The Harlem River and Port Chester Railroad Company, Appellants; The City of New York, Respondent.

First Department, December 7, 1917.

Municipal corporations — street opening, city of New York — effect of failure to appeal from order conferring award — railroad property not subject to assessment for benefits — lands used by railroad company as approach to station.

Where no appeal has been taken from an order confirming an award by commissioners of estimate in a street opening proceeding in the city of New York the Appellate Division cannot review the award, and this is so although the party to whom the award was made agrees that it may be reduced to a nominal sum. The court has no power to review an order not before it, or to change its terms.

On the opening and extending of a street in the city of New York, lands owned by a railroad corporation and used as a yard and as an approach

to its station cannot be assessed for benefit while used for such railroad purposes. Such lands are necessary to the use of the roadbed and the exercise of the railroad franchise.

An assessment should not be made upon the theory that the street improvement gives a more ready access to the railroad station, for that benefit is conferred upon the public and the railroad company is not benefited by an increase in the number of passengers, or in the value of station property.

The same rule holds although the railroad may intend to remove its station to the other side of the tracks, if said lands will still be necessary for the entrance of passengers who will cross the tracks by an elevated structure.

APPEAL by the New York, New Haven and Hartford Railroad Company and another from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of Bronx on the 18th day of September, 1916, confirming the supplemental and amended report of the commissioner of assessments herein.

*Robert L. Luce,* for the appellants.

*Joel J. Squier,* for the respondent.

PAGE, J.:

The appellants' counsel has argued that we should review on this appeal the assessment on parcel No. 177, and the award for damages to parcel No. 51. Both of these parcels are owned by the railroad company and used as a part of the yard and approach to its station. Parcel 51 immediately adjoins 177 and is incorporated into and forms a part of the land used for station purposes by the railroad and approach thereto. An appeal has not been taken from the order confirming the award by the commissioners of estimate. Therefore, we cannot review it. The appellants have agreed that the award may be reduced to one dollar; but that gives us no power to review an order not before us or to change its terms.

I am of opinion that parcel No. 177 cannot be properly assessed for benefit while used for railroad purposes. This property is used exclusively for the Westchester station upon the Harlem division of the New York, New Haven and Hartford Railroad Company. It is adjoining and necessary to the use of its roadbed in the exercise of its franchise. It is well settled that the roadbed of a railroad company cannot be assessed for local improvements. (*Matter of City of New*

*York* [*East 136th St.*], 127 App. Div. 672.) There has been a lack of harmony in the courts of several of the States upon the question of the liability of property used as a railroad station to such assessment. The question would seem to be settled in this State. In *People ex rel. New York, Westchester & Boston R. Co.* v. *Waldorf* (168 App. Div. 473) Jenks, P. J., said: " I think that the sounder rule is that which denies the right to assess station property. * * * And the reason for exemption rests in the inability to perceive how such premises are made by the improvement any more valuable for the purposes for which the railroad company can use them. The widening of the street presumably improves it for travel and for access, but the railroad is not benefited in that it carries more passengers or receives a greater compensation." On motion for reargument in the Court of Appeals (*sub nom. People ex rel. Millbrook Co.* v. *Waldorf*, 217 N. Y. 99), that court expressed approval of the disposition of the matter by Presiding Justice Jenks.

The only claim that the property is benefited that is advanced by the corporation counsel is that a more ready access to the station property is thereby afforded. This benefit is enjoyed by the public. We cannot assume that more people will travel on this line because access to its station is made more convenient to the public; and if they should, the benefit would be to the railroad as a carrier of passengers, and not because of increase in value of the station property. The final argument is that the station building is to be removed from its present location to the other side of the track. The platforms remain the same and access to the new station building will be over an elevated structure, the approach to which will be over these grounds, and it has not been shown that the railroad company intends to abandon the use of these lands for its purposes as a common carrier.

The assessment was not warranted in law. The order should be reversed, with ten dollars costs and disbursements, the assessment canceled and set aside, and the matter referred to the commissioner of assessments.

Clarke, P. J., Laughlin, Dowling and Shearn, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, assessments canceled and set aside, and the matter referred to the commissioner of assessments.  Order to be settled on notice.