THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK, LACKAWANNA AND WESTERN RAILWAY COMPANY, Appellant, *v.* THE CITY OF BUFFALO and Others, Respondents.

Fourth Department, January 12, 1921.

Municipal corporations — special and local assessments — exemption of railroad property from assessment for cost of lands taken for street purposes — vacant lot adjoining railroad right of way — when not exempt.

The Legislature may provide that railway property that is benefited by an improvement may be included in an assessment for the cost thereof, but if an improvement does not enhance the value of the property no assessment can be made against it.

A general exemption from municipal assessment of lands used for railway purposes will not extend to property of the company that is not in direct and immediate use for railway purposes.

A vacant lot of a railway company, adjoining its right of way and not being necessary to the enjoyment of its franchise, is subject to assessment for street purposes.

The possibility that at some future time the land may be required for switching purposes or for widening the roadbed is not such a direct and immediate use of the land as will exempt it from the assessment, where neither of the projects is comprehended in a scheme of improvement definitely adopted and about to be executed.

The property in question has increased in value by reason of the extension along it of the street, for which the assessment was levied, and the relator should pay its proportionate share of the cost.

APPEAL by the relator, New York, Lackawanna and Western Railway Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Erie on the 17th day of June, 1920, on the decision of the court rendered after a trial at the Erie Special Term.

*J. E. Kelly*, for the appellant.

*William S. Rann, Corporation Counsel* [*Jeremiah J. Hurley, Assistant Corporation Counsel*, of counsel], for the respondents.

**390**   People ex rel. N. Y., etc., R. Co. *v.* City of Buffalo.

Fourth Department, January, 1921.          [Vol. 195.

Judgment affirmed, with costs, upon the opinion of Taylor, J., delivered at Special Term.

The following is the opinion of the Special Term:

Taylor, J.:

This is a proceeding to review the legality of an assessment for the cost of lands taken by condemnation proceedings for public street purposes. The improvement consisted in extending Hinman avenue in the city of Buffalo, N. Y., from Grove street to Military road, and was conducted under the revised charter* which was in force until January 1, 1916, and continued thereafter under the commission charter (Laws of 1914, chap. 217, § 146). The regularity of the proceeding is not challenged and the amount of the assessment is not complained of as disproportionate or excessive. The sole claim of the relator is that its lands are not legally liable for this assessment, and this presents the only question of law for review in this court.

The assessment was levied against a rectangular parcel of land, situate on the south side of Hinman avenue as extended, beginning at the intersection of the southerly line of Hinman avenue with the easterly line of Military road, and extending about 675 feet easterly on Hinman avenue, and about 151 feet southerly on Military road. Immediately adjacent to this strip on the south and running parallel to Hinman avenue is the relator's right of way, which is elevated about 16 feet above the level of the strip in question and is 99 feet wide. Immediately adjacent to the right of way on the south is still another rectangular parcel of land belonging to the relator, being of the same length as the first described parcel and about 100 feet in width. These parcels are designated on a map which was received in evidence as parcels "A," "B" and "C," respectively. Originally the three parcels constituted a single rectangular block of land and were acquired by the railway company by purchase from Jacob Layer, by deed dated October 7, 1882. The road was constructed in 1882 and 1883 and is a double-track line. Part of parcel "A,"

---

* See Laws of 1891, chap. 105, § 417 *et seq.*, as amd.; now Laws of 1914, chap. 217, § 215 *et seq.*, as amd.— [Rep.

which is the parcel against which the assessment in question was made, was excavated and the earth taken therefrom used to build the embankment of the right of way; but the relator has since that time permitted the land to be used for a dumping ground, by reason of which it is now practically all filled to the level of the street grade.

The claim of the relator is that parcel "A" was purchased and has been used for railway purposes exclusively, and hence is exempt from local assessment; that it was actually used in building the embankment of the right of way; that it might be needed and used at some future time for switching purposes; and that a portion thereof might be needed at some future time for widening the abutments of the right of way. In other words, the relator claims that the said parcel is held to a public use, that the company has derived and will derive no benefit from the improvement, and that it was improperly assessed therefor.

The respondent city of Buffalo, on the other hand, claims that parcel "A" is vacant land of the railway company, not within its right of way, and not needed in the enjoyment and use of its franchise; that while in 1882 and 1883 excavations were made in parcel "A" and the earth used in the construction of the embankment of the right of way, the lands have long since been refilled and have resumed their original character of excess lands not necessary or essential to the exercise of the company's franchise; that if parcel "A" should ever be used for switching purposes, its value has been enhanced by reason of the improvement, and it should, therefore, bear its just and proportionate burden of the cost; that the land in question may be sold to individuals like any other private property; and finally that the Legislature has expressly enacted that no lands in the city of Buffalo shall be exempt from local assessment. (Laws of 1914, chap. 217, § 141.)

There is no question but that the Legislature may provide that railway property that is benefited by an improvement may be included in an assessment for the cost thereof. (*Lake Shore & Michigan Southern R. Co. v. City of Dunkirk*, 65 Hun, 494; affd., 143 N. Y. 660.) But if an improvement does not enhance the value of property no assessment can be made against it. (*People ex rel. New York, W. & B. R. Co. v. Waldorf*,

392    PEOPLE EX REL. N. Y., ETC., R. CO. *v.* CITY OF BUFFALO.

Fourth Department, January, 1921.              [Vol. 195.

168 App. Div. 473.)   In that case a railway station was held not liable to an assessment for the improvement of an adjacent street.   And the courts have quite uniformly held that the roadbed or right of way of a railroad may not be assessed for the cost of improvements to adjacent property.   (*Matter of City of New York, East 136th St.*, 127 App. Div. 672.)   This is for the reason that the roadbed is held for a public use and its value for such use is not enhanced by the improvement.

In the case at bar the situation is different.   The relator's property which was assessed for the extension of Hinman avenue is not along its right of way, and is not being used in the exercise of its franchise, or for any public use.   It consists of a block of vacant ground fronting on the new street, and is not necessary — certainly not indispensably necessary — to the enjoyment of the company's franchise.   A general exemption from municipal assessment of lands used for railway purposes will not extend to such property of the company as is not in direct and immediate use for railway purposes.   (See 28 Cyc. 1121, and cases there cited.)

Parcel "A" is not at present essential to the enjoyment of the relator's franchise.   It is possible that at some future time the company in the exigencies of its legitimate business may require it for switching or other purposes.   But it is not now so irrevocably appropriated to the use of the public that it might not be applied to other uses or sold.   (*Yates* v. *Van DeBogert*, 56 N. Y. 526.)   In *Morris Railway Co.* v. *Jersey City* (35 Vroom, 148; affd., 65 N. J. L. 683) it was said: " The theory on which the prosecutors seek to be relieved of these assessments is that the land was bought for railroad purposes and in the future may be required for such purposes.   In the absence of proof that the project * * * is within a scheme of improvement adopted and about to be executed, the company will not be relieved from these assessments on that ground."

The reasoning of the learned court in that case applies here.   The relator has offered testimony to show that at some future time it might decide to lay four tracks along its right of way; in which case it would need to appropriate fifteen to twenty feet of the land in question for abutments.   It has also offered testimony to show that the land in question might at some

future time be advantageously used for switching purposes. These are mere possibilities of future user and are not such a direct and immediate use of the land as will exempt it from this assessment. Neither of these projects is comprehended in a scheme of improvement definitely adopted and about to be executed. It is true that plans for eliminating grade crossings as prepared by the grade crossing commissioners and approved by the relator have provided for increased trackage along this right of way, but there is nothing in the evidence to show that there is any present intention on the part of the relator to carry out such plan. The outstanding fact is that this vacant land is not now dedicated to any public use and the relator can sell it to private owners at any time without impairing or violating any duty it owes to the public. If this assessment is set aside and the company afterwards sells the property, it will have reaped all the benefits of the improvement without paying a dollar for the enhanced value. This would be inequitable and unjust.

There can be no question that this parcel of land has increased in value by reason of the extension of Hinman avenue. The improvement has given the land an additional street frontage along its entire length. This being so, no good reason can be perceived why the relator should not pay its proportionate share of the cost. If it decides to sell these lands, it will presumably recoup for the cost of the improvements in the enhanced price, having at all times the option to retake for the public use by purchase or condemnation. If it decides to hold the lands in anticipation of future requirements, it should still pay its just and proportionate share of the cost of improvements which have added to the value of the lands; for in that case the lands are not actually dedicated to the public use and are classed the same as any other species of private property.

For the reasons above stated I am of opinion that the assessment in question was properly made and should be confirmed.

So ordered.