Lehigh and New York Railroad Company, Plaintiff, *v.* The City of Auburn and Another, Defendants.

Supreme Court, Cayuga County, September, 1922.

**Railroads — right of way — lands used as railroad right of way may not be assessed for the repaving of a street.**

Lands acquired and which at all times have been used solely for railroad right of way purposes are not assessable for benefit under an assessment for repaving a street, and the plaintiff in an action to cancel the assessment for benefit is entitled to judgment on the ground that the lands being devoted to a public use were incapable of benefit from the street improvement.

Action to cancel an assessment.

*Brainard & Noble,* for plaintiff.

*William S. Elder,* for defendant.

THOMPSON, J.   Plaintiff asks judgment that certain assessments imposed upon it by the city of Auburn, for paving or resurfacing Baker avenue, be declared illegal, null and void, and be vacated, canceled and set aside, upon the ground that the property assessed is a part of its right of way and exclusively devoted to railroad (therefore public) purposes.   It appears that the lands in question, which are twenty rods long and six rods wide, were all acquired by plaintiff's lessor as right of way; that it is all within what is called the Auburn yard, and is used exclusively for railroad purposes.   The presumption is that it having been acquired for the purpose of its incorporation, it was acquired for a public use.   Railroad Law, § 17; *Matter of City of New York (East 136th Street)*, 127 App. Div. 672.
. At the time these lands were acquired, the Railroad Law contained a provision authorizing a railroad, organized under its terms, " to lay out its road not exceeding six rods in width, and to construct the same."   Laws of 1850, chap. 140, § 28.

So the law has since continued and is now.   Railroad Law, § 8, subd. 3.

Thus we see the state has, in practical and effective manner, established that it is reasonable for a railroad company to acquire, for its use for right of way purposes, a strip of land six rods in width.

The meaning of the term " right of way " should not be limited to such right of way, tracks and land as are appropriated to the actual operation of a company's railway, but should include tracks or land devoted to the purposes of a railroad yard.   7 Words & Phrases, 6234.

" It is conceded that the land upon which the tracks were laid could not be assessed, but the entire strip of land was acquired, and is held for a public use.   Although it is not entirely covered with tracks to-day, it may be to-morrow, or a month hence — depending of course upon the necessities of the road.   I know of no authority for holding that a distinction can be made between land upon which tracks have been laid and the adjacent strips alongside of the tracks — all within the width acquired by the company for the purpose of building its road.   The authorities are to the contrary."   *Matter of City of New York (East 136th Street), supra.*

This case was cited with approval and followed in *People ex rel. N. Y., W. & B. R. Co.* v. *Waldorf*, 168 App. Div. 473, 477, Justice Jenks writing.   And the *Waldorf* case upon this point was affirmed in the Court of Appeals upon the opinion below.   *People ex rel. Millbrook Co.* v. *Waldorf*, 217 N. Y. 96, 99; *Matter of City of New York (Blondell Avenue)*, 180 App. Div. 430, 432.

In the last case it will also be observed that the question of benefit to the railroad upon the theory that it will carry more passengers,

or receive greater compensation, is expressly negatived, and thus taken out of account in the determination of such questions.

But the defendant says that the plaintiff cannot prevail here because of the recent decision of the Court of Appeals in *Matter of City of New York* (*Juniper Ave.*), 233 N. Y. 387. With this I am not in accord. The Juniper avenue property was not a part of the right of way, nor was it devoted as a permanency to railroad uses. It is inherently improbable that this property will be sold, the public use, to which it is devoted, in all probability, being fixed and inconsistent with the idea of any benefit from such an improvement as we are here considering. The land in this case is used permanently by the railroad corporation in its operation. As a practical matter it may not be severed from other property and sold. It is right of way in inception, nature and use. It is indeed a highway devoted to public travel. So, measured by the tests laid down by the Court of Appeals, it seems to me that this property is so permanently devoted to public use as to be incapable of benefit from this improvement.

The *Juniper Avenue* case does not overrule the *Waldorf* and *Port Chester* cases. It only holds that land used for railroad yards, but which is not devoted as a permanency to railroad purposes, is not devoted to a public use of such a character that it can be said as matter of law that no benefit could possibly be acquired from a local public improvement.

It follows that in cases of land that *is* permanently devoted to railroad purposes we are still left to the rule of these cases. *People ex rel. N. Y., etc., R. Co.* v. *City of Buffalo*, 195 App. Div. 389.

My conclusion is that these lands were acquired and have at all times been used solely for railroad right of way purposes, and that they are thus permanently devoted to a public use, and as such gain no benefit from this improvement.

Judgment for plaintiff, with costs.

Judgment accordingly.