In the Matter of the Application of the ERIE RAILROAD COMPANY, Appellant, for a Writ of Certiorari to LOUIS T. PARISH and Others, Constituting the Board of Public Works of the City of North Tonawanda, Niagara County, New York, Respondents, to Review the Assessment Made by Said Board of Public Works for a Part of the Cost of Paving Sommer Street in Said City of North Tonawanda.— Order affirmed, with costs. Memorandum: The Court of Appeals has said: "Whether or not a particular parcel of land has been benefited by a particular improvement is ordinarily a question of fact * * * unless we can say as a matter of law that the improvement may not by any possibility increase the value of the property. * * * But in one case, and one only, we have said that the opening or widening of a street cannot as a matter of law be a benefit — where a railroad occupies a strip of land for its right of way." (*Matter of City of New York [Juniper Ave.]*, 233 N. Y. 387.) The case here referred to by the Court of Appeals is *New York, N. H. & H. R. R. Co.* v. *Village of Port Chester* (149 App. Div. 893; affd., 210 N. Y. 600). In that case the cost of improving a street was assessed against a railroad located on abutments and running above the improved street. · That case is totally unlike the instant case. We have, here, proof of facts supporting a finding that the relator-petitioner not only might, but actually did, derive some benefit from the improvement of the street abutting its right of way. All concur. (The final order confirms an assessment against petitioner's right of way.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.

ALBERT AVERBACH, Respondent, v. SAUL STONE, Appellant.— Judgment reversed upon the law and order modified by striking out the amount for which judgment is directed and inserting in place thereof a provision that the plaintiff's damages be assessed by a jury at Trial Term and judgment granted for the plaintiff for the amount of the verdict and as modified affirmed, without costs of this appeal to either party. Memorandum: The complaint alleges that plaintiff's services were reasonably worth the sum of $100. This allegation is denied in the answer of the defendant and the denial finds support in the affidavits. Thus the amount of damages, that is, the value of the professional services rendered and the amount thereof remaining unpaid, remains to be determined by assessment before a jury. (*Livingston* v. *Blumenthal*, 248 App. Div. 138; *Breitbart* v. *Weill*, 255 id. 801.) All concur. (The judgment awards plaintiff the sum of seventy-five dollars with interest and costs, in an action to recover fees for legal services furnished defendant's wife. The order grants plaintiff's motion to strike out defendant's answer and for summary judgment.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.