MICHAEL RABASCO, Plaintiff, v. TOWN OF GREENBURGH et al., Defendants.— On a submission pursuant to sections 546 and 548 of the Civil Practice Act, judgment, without costs, is directed for the plaintiff declaring that the amendments to the zoning ordinance of the town of Greenburgh and the resolution approving the plan of the Greenburgh Housing Authority and authorizing the supervisor to execute agreements were not lawfully adopted at the meeting of the town board on July 30, 1954. On this record it appears that a notice of public hearing was given to consider the plan of the housing authority and to consider an amendment to the building zone ordinance, rezoning two sites to be later used for housing purposes. A public hearing was had on July 15, 1954. At the hearing a group which comprised more than 20% of the residents of one of the proposed rezoned areas or the areas adjacent or opposite thereto, appeared and filed a written protest. At this time a motion for the change of zoning for the areas was defeated by a vote of three to two. No action was taken relative to the approval of the housing plan and the meeting was adjourned. Thereafter at the written request of two members of the town board, for a reconsideration of the action taken at the meeting of July 15th, the supervisor called a special meeting of the board for July 30, 1954. No notice of public hearing of this last meeting was given. It was moved thereat that the vote on the motion taken at the meeting of July 15th be reconsidered. This motion was carried. It was then moved that the original motion be adopted and the building zone ordinance be amended in accordance with the original notice of public hearing. This was carried by a vote of three to one. Previous to the action by the town board, the planning board, in accordance with section 150 of the Public Housing Law, had approved the plan of the authority with certain qualifications. The terms "plan" and "project" as used in the Public Housing Law, in our opinion, include more than the bare building, as the authority seems to argue. Obviously if a housing plan or project is to be effected not only must a building be erected but zoning ordinances must be amended to meet the contemplated use, and certainly the plan or project may not be effected until the requisite amendment of the zoning ordinance by the legislative authorities. It seems therefore that the action taken by the planning board, in the instant matter, resulted in a qualified approval of the plan or project. In our opinion the

town board's approval of the plan, theretofore qualifiedly approved by the planning board, was contrary to the requirements of section 150 of the Public Housing Law; the approval being by a three to one vote when a three-fourths vote of the entire town board is required. In addition, we hold that the action taken by the town board at its meeting of July 30, 1954, was illegal with respect to both the rezoning and the approval of the plan, in that section 265 of the Town Law requires that in the event of a filed protest by 20% or more of the owners of the land included in the proposed change or that immediately adjacent or directly opposite thereto, approval shall not be had except by a favorable vote of at least four members of the town board. Further, the attempted reconsideration on July 30th, of the resolution of approval of the plan which included the rezoning, that was defeated at the meeting of July 15th, was illegal. The meeting of July 15th, called after notice of public hearing, was closed after a defeat of the resolution and was not adjourned to a further date or to the call of the chair. Therefore the town board had spent its authority in that connection and under the notice of public hearing, and in no event could reconsider or take any further action without a new notice of public hearing being had. It is significant that sixty-four additional property owners filed protests subsequent to the meeting of July 15th and undoubtedly innumerable other people, whose vested rights might have been, or would have been, affected, had no opportunity to be heard at the special meeting held July 30, 1954. Wenzel, Acting P. J., Schmidt and Beldock, JJ., concur; MacCrate and Murphy, JJ., dissent and vote to direct judgment for defendants, with the following memorandum: On the stipulated facts judgment should be entered declaring that the amendments to the town zoning ordinance and the resolution approving the plan of the authority and authorizing the supervisor to execute agreements were lawfully adopted at the meeting of the town board on July 30, 1954. On that date the town board had power to reconsider the action taken by it on July 15th. (*Matter of Estabrook* v. *Chamberlain,* 240 App. Div. 1006; cf. *Ashton* v. *City of Rochester,* 133 N. Y. 187, 192.) No statute or rule forbids reconsideration. There had been no change in the membership of the town board between July 15th and July 30th. "A municipal council has the power, if the rights of third persons have not intervened and if vested rights are not impaired, to reconsider or rescind action previously taken, provided this subsequent action is not prohibited by, or inconsistent with, charter or statutory provisions or rules of the council" unless the council has exhausted "its power in the matter sought to be reconsidered" (62 C. J. S., Municipal Corporations, § 407; *People ex rel. New York, W. & B. Ry. Co.* v. *Waldorf,* 168 App. Div. 473, mod. on other grounds, 217 N. Y. 96.) The Constitution (N. Y. Const., art. XVIII) and the Public Housing Law enacted pursuant thereto, empower municipalities and authorities to enter into contracts (Public Housing Law, §§ 99, 71, subd. 1, par. [b]). A town board is authorized to contract with an authority to zone or rezone any section of a municipality (Public Housing Law, § 99) and to approve a plan or project, by a majority vote, in the event of an unqualified approval by a planning board (Public Housing Law, § 150). In the absence of specific language so stating, it cannot be presumed that the Legislature, in exercising the broad powers conferred by the Constitution (N. Y. Const., art. XVIII, § 10) intended that a majority of a town board cannot approve a project notwithstanding the fact that a planning board had done so unqualifiedly if 20% of the owners affected by the proposed zoning change protest. It would appear that the Legislature has substituted the qualified approval or disapproval by a planning board for the protest of 20% of the owners as the basis for requiring

more than a majority vote to approve the project of an authority. By section 220 of the Public Housing Law it is provided that the statute shall be liberally construed to effectuate its purposes, and that the enumeration of specific powers shall not operate to restrict the meaning of any general grant of power in the chapter. Had the Legislature intended that the power of a majority of a municipal council to approve a plan and project, as provided by section 150 of the Public Housing Law, shall not be sufficient if 20% of the property owners affected by the plan and project object, it would seem that such exception to the right to exercise the power would be stated clearly. On this record it appears that the approval of the planning board was unqualified and did not require the authority to make any changes in its plan or construction. A majority of the town board could, therefore, approve the plan and project.