CITY OF OLEAN, Plaintiff, v. PENNSYLVANIA RAILROAD COMPANY, Defendant.

Supreme Court, Cattaraugus County, January, 1924.

Taxation — assessment — defendant railroad constructing overhead crossing of new highway donated use of its lands for approach to bridge — assessment levied against portion of unimproved, vacant lands owned by defendant abutting on new street and approach to bridge — when city may subject defendant railroad to an assessment for paving approach according to benefits derived.

In 1910 the defendant at its own expense constructed an overhead crossing of a new highway over its tracks in the city of Olean, completing the approaches by paving the roadway " with clean gravel to a depth of six inches after rolling " as required by the order of the Public Service Commission directing the construction of the work. The approach from the north line of R. street north to the bridge over the tracks, a distance of 366.2 feet, was constructed entirely upon lands of defendant which had been donated by it for such highway purpose.

Adjoining such approach on the east and west of R. street are vacant and unimproved lands forming no part of defendant's right of way and not used for railroad purposes, which were acquired by defendant for the sole purpose and as a part of the improvement of the opening of a street, and the construction of the approaches to the overhead bridge, and have at all times since and are now used, possessed and occupied as part of one of the public streets of said city upon which said approaches to the viaduct were built and are now maintained. The portion of the land thus acquired, used and occupied as a street or highway consists of a strip through said lands 60 feet wide and 366.2 feet long. *Held*, that the remaining portion of the lands thus acquired and owned by defendant abutting on the new street and approach, was subject to an assessment for paving the approach.

Prior to the completion of the overhead crossing the north side of T. street terminated at R. street which upon completion of the crossing was extended north for some distance through defendant's land over the approaches and bridge which thereafter continued to be a highway. In 1919, proceedings duly taken

to have T. street including the approaches to the bridge paved were conducted as required by the charter of the city and the tax laws of the state and resulted in an assessment on the lands of defendant abutting on the approach to the overhead crossing. The defendant did not appear in response to notices of hearings, review or making of the assessment, but in an action brought under the city charter to recover installments of said assessment, due and unpaid, the sole defense was that under section 93 of the Railroad Law defendant was exempt from liability for any part of the expense of paving the approach. *Held,* that while under said statute paving assessments could not be laid upon any abutting lands occupied for railroad purposes to pay expenses of paving the approach, the exemption of defendant under the statute from any duty to keep and maintain the approach in repair although erected by it was far different than an exemption from liability as a general taxpayer to pay taxes to enable the municipality to make such repairs or an exemption from liability for local improvement or paving assessments according to benefits, as owner of non-railroad abutting lands on the paved approach or street.

The charter of the city provides that the expense of paving the street shall be assessed upon the abutting property according to benefits received, and in the absence of authority denying the power of the municipality to levy an assessment to pay a paving tax on non-railroad lands abutting upon the paved street, the finding must be that defendant's non-railroad lands abutting upon T. street, as extended, were liable to be assessed for the paving on that street upon the approach to the overhead bridge according to the benefits such lands received through such paving, and that plaintiff had authority to make the assessment in question.

No question having been made before the proper authority provided by statute to fix the amount of the tax, as levied, and no claim upon the subject having been presented, the finding will be that the proceedings establishing that defendant's said lands have been benefited to the extent of the tax levied, are conclusive upon the defendant upon the present trial.

ACTION to recover several installments of an improvement tax assessed against defendant's land on account of paving an approach to a bridge carrying a street over defendant's track, tried before the court without a jury.

*Henry Donnelly,* for plaintiff.

*Allen J. Hastings,* for defendant.

BROWN, J. In pursuance of an order of the public service commission made in 1910 the defendant constructed at its own expense an overhead crossing of a new highway over its tracks in Olean together with the approaches, completing the approaches by paving the roadway " with clean gravel to a depth of six inches after rolling," as required by such order. The approach from the north line of Reed street north to the bridge over the tracks, a distance of 366.2 feet, was constructed entirely upon lands of the defendant, such lands having been donated by the defendant for such highway purpose. The lands adjoining such approach on the east and west from Reed street to the overhead bridge are entirely

owned by the defendant, are not a part of its right of way, are not used for railroad purposes, apparently being vacant unimproved lands. The defendant alleges that such lands were acquired by it solely for the purpose and as a part of the improvement of the opening of a street and the construction of the approaches to the overhead bridge, and have at all times since and now are used, possessed and occupied as a part of one of the public streets in the city and upon which said embankments or approach to said viaduct were built and are now maintained. The portion of the lands thus acquired, used and occupied as a street or highway consist of a strip through said lands 60 feet wide, and 366.2 feet long. It is the remaining portion of the lands thus acquired and owned by the defendant abutting upon the new street and approach that is the subject of plaintiff's assessment for paving the approach. Prior to the completion of the overhead crossing the north end of Twelfth street terminated at Reed street; upon completion of such overhead crossing Twelfth street was extended north from Reed street through defendant's land over the approaches and bridge to some distance to the north; the approaches and bridge hereafter continued to be a highway. In 1919 upon petition of the requisite number of abutting property owners the common council took appropriate steps to pave Twelfth street, including the approaches to the bridge, with brick. These proceedings were conducted as required by the charter of the city and by the tax laws of the state, resulting in an assessment of $3,543.42 upon the 366.2 feet of defendant's land abutting on the approach to the overhead crossing, payable in ten equal annual installments. The failure of the defendant to pay the installments due in 1921, 1922 and 1923 resulted in the bringing of this action to recover the same, under the provisions of the city charter. The defendant denies liability for any part of this paving tax, asserting that the city authorities had no jurisdiction or power to assess the same upon its abutting lands. No question was raised at any stage of the proceedings to pave the approach and lay an assessment for the expense thereof upon defendant's lands as to the regularity or correctness of any and all steps taken by the city in those proceedings. No appearance was made by defendant in response to notices of hearings, review or making of the assessments. The sole question raised by the defendant as a defense to plaintiff's claim is that the defendant is exempt from liability for any part of the expense of paving such approach. This defense is solely based upon section 93 of the Railroad Law, which so far as appertains to the issue presented reads as follows: " Where a highway crosses a railroad by an overhead bridge, the frame work of the bridge

and its abutments shall be maintained and kept in repair by the railroad company, and the roadway thereover and the approaches thereto shall be maintained and kept in repair by the municipality having jurisdiction over and in which the same are situate," etc.

Under this statute the defendant's right of way and land adjoining used for railroad purposes are exempt from an assessment for paving the approaches. *People ex rel. N. Y. Central R. R. Co.* v. *P. S. Comm.*, 231 N. Y. 1; *Town Board, etc.*, v. *N. Y. Central R. R. Co.*, 28 State Dept. Rep. 543; *N. Y., N. H. & H. R. R. Co.* v. *Village of Port Chester*, 149 App. Div. 893.

In the latter case the jurisdiction to levy an assessment for paving upon two parcels of land contiguous to the right of way and abutting on the paved street not used for railroad purposes was not questioned.

Defendant contends that this statute relieves its non-railroad lands abutting on Twelfth street from the assessment for paving that street; that when the statute says the municipality shall maintain and repair the approaches in Twelfth street it means that the defendant cannot be made liable for any part of such maintenance and repairs. Such contention carried to its extreme limit would mean that the defendant as a taxpayer within the municipality could not be made liable by general taxation for any part of the expense of repairing such approaches. Such conclusion would be unsound. The plaintiff's charter provides that the expense of paving streets shall be assessed upon the abutting property according to benefits received therefrom. While it is true that under said statute paving assessments could not be laid upon any abutting lands occupied for railroad purposes to pay expenses of paving the approach, yet it does not follow that defendant's non-railroad lands abutting on the approach and street are likewise exempt. The statute exempts the defendant from any duty to keep and maintain the approaches in repair, although it erected them; it is not called upon to exercise any care or oversight in the maintenance of the approach as a safe highway, although it made the roadbed and its surface. Such exemption, however, is far different than an exemption from liability as a general taxpayer to pay taxes to enable the municipality to make such repairs or an exemption from liability for local improvements or paving assessments according to benefits as owner of non-railroad abutting lands on the paved approach or street.

Attention has been called to no authority denying the power of a municipality to levy an assessment to pay a paving tax upon non-railroad lands abutting upon the paved street. In the absence of such authority the finding must be that the defendant's non-

railroad lands abutting upon Twelfth street as extended were liable to be assessed to pay the paving on that street upon the approach to the overhead bridge according to the benefits such lands received through such paving, and that the plaintiff had authority to make such an assessment.

The counsel for defendant states in his brief that the lands of defendant abutting on the street are not in any way benefited by the paving of the approach as the embankment is so high that there is no access to the roadway from the adjoining lands. There is no evidence in the record touching the question of the amount of the benefit to defendant's abutting land from the paving other than the assessment proceeding except the bare illustration upon the map Exhibit 14 which shows that the approach at its south end is at the grade of Reed street and gradually rises on a six per cent grade for 366.2 feet to the overhead bridge. These figures demonstrate that defendant's lands abut on the approach that is on the same grade of defendant's land at Reed street rising only 6 feet at the distance of 100 feet north of Reed street. It is thus seen that access is readily attainable from any part of this 100 feet to the paved approach. All of defendant's lands north of the 100-foot point have the same means of access through the defendant's lands within 100 feet of Reed street. To say merely on the evidence afforded by the map that defendant's lands have not received any substantial benefit from the paving is unwarranted. If there has been any substantial benefit the city had power to levy the assessment and institute proceedings to determine the amount thereof for which defendant was liable. No question having been made of the amount of the levied tax before the proper authority provided by statute to fix the same and no claim having been presented upon the subject the issues raised are disposed of by the finding that plaintiff's proceedings establishing that defendant's lands have been benefited to the extent of the tax levied are conclusive upon defendant upon this trial.

Judgment awarded plaintiff for relief demanded in the complaint, with costs.

Let findings be prepared.

Judgment accordingly.